# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SUNSHINE BEHAVIORAL HEALTH
SERVICES, INC. and THADDEUS
FREEMAN, PLLC,

    Petitioners,

v.                                                     Case No. 8:08-mc-134-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Respondent's Motion to Dismiss Petition to Quash Summons (Dkt. 6) and Petitioners' Response to Motion to Dismiss Petition to Quash IRS Summons (Verified) (Dkt. 7). The Court having considered the motion, response, and being otherwise advised in the premises holds that Respondent's Motion to Dismiss Petition to Quash Summons (Dkt. 6) should be denied in part and that an evidentiary hearing is necessary to determine whether the petition to quash summons fails to state a claim.

## BACKGROUND

Sunshine Behavioral Heath Services, Inc. ("Sunshine") owes the United States $449,378.61 in federal employment tax liabilities. Revenue Officer Betsy G. Aliaga ("Aliaga") conducted an investigation to determine the collectability of Sunshine's employment tax liabilities. In furtherance of that investigation, she issued a Collection

Summons[1] to Regions Bank on October 2, 2008, seeking bank statements for Thaddeus Freeman, PLLC's trust account during the period of September 1, 2007 to December 31, 2007. According to the United States, it had information that payments by an entity, First Coast Service Options, to Sunshine were deposited into the trust account of Thaddeus Freeman, PLLC, Sunshine's bankruptcy attorney. The Government contends that the summons to Regions seeking bank statements for Thaddeus Freeman, PLLC's trust account was in furtherance of the United States' collection of the federal tax liabilities assessed against Sunshine. According to the United States, it does not already possess the bank statements that the summons seeks and the statements are necessary and relevant to determine Sunshine's ability to pay its federal employment tax liability.

On October 14, 2008, Petitioners filed a motion to quash IRS summons. Petitioners argue that the summons implicates the attorney-client privilege, improperly seeks bank statements, rather than "books of account," is beyond the powers and limits of the IRS, and seeks to simply annoy, harass, and cause Petitioners unnecessary expense. Respondent's motion to dismiss argues that the Court should dismiss the motion to quash because: (1) Petitioners lack standing to bring their motion to quash; (2) Petitioners fail to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) because the summonsed documents are not protected by the attorney-client privilege and within the scope of 26

---

[1] The summons requests "copies of bank statements for the period of September 1, 2007 to December 31, 2007 for account number [redacted] in the name of Thaddeus Freeman, PLLC Trust Account."

U.S.C. §7602; and (3) Petitioners failed to serve the United States with a copy of the summons pursuant to Fed. R. Civ. P. 4.

## DISCUSSION

### I.     Standing/Jurisdiction

A party cannot sue the United States unless Congress has expressly waived sovereign immunity.  See Mutual Assurance v. United States, 56 F.3d 1353, 1355 (11th Cir. 1995).  A petition to quash an IRS summons, such as the instant petition, constitutes a suit against the United States.  Thus, this Court only has jurisdiction to hear the instant petition if sovereign immunity has been expressly waived by statute.

As a general rule, the Internal Revenue Code permits a District Court to entertain a motion to quash an Internal Revenue Summons served on a third-party record keeper.  26 U.S.C. §7609.  The code permits a party *who is entitled to receive notice of the summons* to bring an action to quash the summons.  26 U.S.C. §7609(b)(2)(A).  Generally, any person "who is identified in the summons" is entitled to notice of the summons.  26 U.S.C. §7609(a)(1).

The United States argues that because the summons at issue in this case was issued in aid of the collection of an assessment against Sunshine, the exception to the notice requirement as stated in 26 U.S.C. §7609(c)(2)(D)(i) applies and, thus, Petitioners lack standing to move to quash the summons.  Section 7609(c)(2)(D)(i) states that the provision granting the right to bring an action to quash the summons "shall not apply to any summons . . . issued in aid of the collection of . . . an assessment made or judgment rendered *against*

*the person with respect to whose liability the summons is issued.*" 26 U.S.C. §7609(c)(2)(D)(i).

Petitioners argue that Respondent's interpretation of the statutory exception should not apply because the exception would essentially swallow the rule, i.e., a third party would never have the ability to quash an IRS summons that was served for the purpose of collecting an assessment against a taxpayer.

Several Circuit Courts have broadly interpreted the Section 7609(c)(2)(D) exception to the notice requirement, finding that "as long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies." Huffman v. United States, No. 07-80736-Civ. 2007 WL 4800643 at *3 (S.D. Fla. Nov. 29, 2007) (citing Barmes v. United States of America, 199 F.3d 386 (7th Cir. 1999); Davidson v. United States, 149 F.3d 1190 (10th Cir. 1998); United States v. First Bank, 737 F.2d 269 (2d Cir. 1984)). Additionally, as the court in Huffman noted, "District Courts from within and from outside of the Eleventh Circuit have similarly held that a District Court lacks jurisdiction to quash an IRS summons issued in aid of the collection of an already assessed tax liability." 2007 WL 4800643 at *3 (citing Grant v. Internal Revenue Service, No. 06-CV-402-JMH, 2007 WL 2174731 (D.E. Ky. July 27, 2007); Caton v. United States, No. 2:07-CV-51-FtM-34DNF, 2007 WL 1549434 (M.D. Fla. May 25, 2007); United States v. Arnold, No. 5:99-CV-161-OC-21GRJ, 2001 WL 933549 (M.D. Fla. July 5, 2001); Holleran v. United States, No. 1:94-CV-199, 1994 WL 729029 (N.D. Individual. November 21, 1994); Wallace v. United States, No. 93-Z-2123, 1994 WL 644847 (D.Colo. June 2, 1994); Kowalik v. Morris,

No. 92-7209-CIV-MARCUS, 1993 WL 484949 (S.D. Fla. August 23, 1993); Bansci v. Pennington, 812 F. Supp. 759 (N.D. Ohio 1992)).

Petitioners rely on Ip v. United States, 205 F.3d 1168 (9th Cir. 2000) and Robertson v. United States, 843 F. Supp. 705, 706 (S.D. Fla. 1993), to argue that a strict reading of Section 7609(c)(2)(D) would vitiate completely the legislative purpose of providing notice to third parties because "it would be difficult to hypothesize any situation where notice would be required once the IRS makes an assessment against any taxpayer and seeks to collect the tax." (Dkt. 7) (citing to Ip, 205 F.3d at 1174). Rather, the exception noted in Section 7609(c)(2)(D) applies when the summons seeks the taxpayer's documents. Ip, 205 F.3d at 1174.

The Court does not agree with a broad interpretation of Section 7609(c)(2)(D) that would except the notice requirement for any third party. In this case, the summons seeks documents belonging to Petitioner Thaddeus Freeman, PLLC, who is not the taxpayer. Pursuant to the clear language of Section 7609(c)(2)(D), the exception to the notice requirement applies "narrowly to summonses issued to third-party record-keepers where the *taxpayer* whose tax liability has been assessed has a recognizable interest in the records summoned." Robertson, 843 F. Supp. at 706 (emphasis in the original). Accordingly, Petitioner Thaddeus Freeman, PLLC, has standing and Respondent's Motion to Dismiss due to a lack of subject matter jurisdiction must be denied.

## II. Failure to State a Claim Upon Which Relief Can Be Granted

Respondent also moves to dismiss the petition to quash summons for its failure to state a claim. Respondent argues that the summonsed bank statements are not protected by the attorney-client privilege. Respondent also contends that the summons is not irrelevant, overbroad, unduly burdensome, harassing, or annoying, and Petitioners are not entitled to sanctions.

As a matter of law, bank records of an attorney client trust account are not the type of documents protected by the attorney-client privilege. See Huffman, 2007 WL 4800643 at *4-5 (citing Reiserer v. United States, 479 F.3d 1160 (9th Cir. 2007); In re Grand Jury (Lipnack), 831 F.2d 225 (11th Cir. 1987) (holding that "[a]n attorney who acts as his client's agent for receipt of disbursement of money or property to or from third parties is not acting in a legal capacity, and records of such transactions are not privileged.")). Moreover, in Arnold, the District Court for the Middle District of Florida held that records involving receipt of fees from clients are generally not covered by the attorney-client privilege. 2001 WL 933549 (citing In re Grand Jury Proceedings (Harrison Slaugher), 694 F.2d 1258 (11th Cir. 1982)). The court in Huffman noted a limited exception to the general rule, called the "last link doctrine," however Petitioners have not demonstrated that the information sought would fall within that limited exception. 2007 WL 4800643 at *6 (stating that "the last link doctrine excepts from disclosure requirement where disclosure of the identity would also reveal the privileged motive for the client to seek legal advice.").

Also, Petitioners' argument that the IRS cannot summon bank records is contrary to the law. See 26 U.S.C. §7602(a)(2); <u>United States v. Sun First Nat'l Bank</u>, 510 F.2d 1107, 1110 (5th Cir. 1975). Accordingly, as a matter of law, summonsed bank statements of an attorney client trust account are not protected by the attorney-client privilege and the United States can seek documents, such as bank statements from a third party. However, Petitioners are entitled to an evidentiary hearing on their argument that the summons is irrelevant, overbroad, unduly burdensome, harassing, and annoying.

### III. Insufficient Service of Process

Respondent briefly argues that the petition to quash summons should be dismissed because the United States was not served with a copy of the summons pursuant to Fed. R. Civ. P. 4(i). The United States is apparently not quarreling with how or upon whom Petitioners sought to effect service, but only with the fact that the petition was not accompanied by a summons. District Courts have held that a proceeding to quash a summons under Section 7609 does not require the petition to be accompanied by a summons because Section 7609 does not require a summons and, instead, sets forth specific procedural requirements for service of petitions to quash, with which Petitioners complied in this case. See <u>KPASA, LLC v. United States of America</u>, No. 04 C 109, 2004 WL 1144054 (N.D. Ill. May 17, 2004) (citing <u>Vano v. United States</u>, 181 F. Supp. 2d 956, 958 (N.D. Individual. 2001)). Moreover, even if Rule 4(i) strictly applies, regarding the service of a complaint *and* summons, Petitioners substantially complied with service of process, Respondent was on notice of this action and Respondent failed to demonstrate how it has

been prejudiced by Petitioners' failure to serve it with a summons. See Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 925 (11th Cir. 2003) (noting that dismissal based on a party's failure to strictly comply with service of process is not required if party substantially complied with service requirement and Defendant was on notice of the action).

Lastly, the parties have briefed the issues of this case on the merits, as set forth herein, and a dismissal at this point would prejudice Petitioners. See Moore v. Bush, 601 F. Supp. 2d 6, 10 (D.D.C. 2009) (noting that disposition of a case on the merits is favored).

For the reasons set forth herein, it is ORDERED and ADJUDGED that:

1. Respondent's Motion to Dismiss Petition to Quash Summons (Dkt. 6) is hereby **DENIED in part**.

2. The Court shall reserve ruling on Petitioners' Motion to Quash IRS Summons (Dkt. 1).

3. The parties shall appear before the Court at the Sam Gibbons U. S. Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602, on **TUESDAY, JULY 21, 2009, AT 1:30 P.M.** for a ninety (90) minute evidentiary hearing as set forth herein.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
S:\Even\2008\08-mc-134.mtdismiss.frm